GREAT NORTHERN RAILWAY COMPANY, a corporation, Appellant,

v.

LUMBER AND SAWMILL WORKERS, LOCAL UNION NO. 2409, a Voluntary Association and Labor Union et al., Appellees.

No. 14934.

United States Court of Appeals Ninth Circuit.

April 18, 1956.

Weir, Gough & Matson, Taylor B. Weir, Newell Gough, Jr., Enor K. Matson, Helena, Mont., for appellant.

Leif Erickson, Helena, Mont., for appellees.

Before STEPHENS and BONE, Circuit Judges, and GOODMAN, District Judge.

GOODMAN, District Judge.

The District Court, on motion of defendant below (appellee here) dismissed plaintiff's (appellant's) cause of action for a permanent and temporary injunction restraining appellee from picketing on or about appellant's railroad right-of-way and from delaying or interfering with appellant's delivery of freight to a Mill, with which appellee was engaged in a labor dispute.

District Judge Murray, in his opinion below, 140 F.Supp. 393, has set out adequate and compelling reasons why the complaint failed to tender sufficient legal grounds for injunctive relief. Upon his opinion, the judgment below should be affirmed.

Appellant has urged us, nevertheless, to reverse upon the broad ground that appellant is entitled to injunctive relief to enable it to comply with its obligations to furnish interstate railway service to all the public, 49 U.S.C.A. § 1(17), including shippers involved in labor disputes. The resolution of such an issue necessarily involves the application of the Norris-La Guardia Act, 29 U.S.C.A. §§ 104–113 and the Labor Management Relations Act, 29 U.S.C.A. § 141 et seq.

The District Court felt it unnecessary, as we do, to reach this question. For the facts of this case, as alleged in the complaint, and, deemed true for the purposes of the motion to dismiss, do not present a cause of equitable relief under well recognized legal doctrine. The acts of appellee complained of have been continuing since January 1, 1954. The complaint was not filed until September 14, 1955. So the appellant was allegedly suffering under a burden for twenty months before suit, a burden which, suddenly, after that long period of time blossomed into a claimed need for immediate drastic remedy. Furthermore, it appeared that the extent of the hindrance to appellant was merely that it had to use other than regular employees to deliver the freight—a detriment easily and admittedly compensable in dollars. Indeed the allegations of the complaint affirmatively show that the appellant in fact was not prevented from making any deliveries of freight.

Under these circumstances, to reach and rule upon the broad question tendered by appellant would amount to the issuance of an advisory opinion. This is a "consummation" devoutly to be avoided, for that is the way bad law is made.

Affirmed.